IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELI MAST & RACHEL MAST | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:06-1313 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiffs seek declaratory relief concerning the Internal Revenue Service and its agents, a refund of all taxes paid in, and damages for alleged "wrongful collection."

QUESTIONS PRESENTED

1. Plaintiff, Eli Mast, attempted to serve the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

2. Plaintiffs seek a refund of federal taxes and damages for alleged "wrongful collection" of federal taxes from plaintiffs and declaratory relief. Plaintiffs have failed to allege that they filed a claim for refund or fully paid the taxes they seek to have refunded, or claims for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for refund of federal taxes, for damages and for declarative relief under these circumstances?

1854854.1

STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs filed this complaint on July 24, 2006. The complaint alleges that in connection with the collection of federal tax "beginning with 'tax year' 1996," agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code and implementing regulations thereunder.  (Compl. ¶ 1.)<u>1</u>/

2. <u>Relief sought in the complaint</u>.  The complaint seeks three types of relief. First, plaintiffs seek a "[d]etermination that the defendant's principals, officers, agents, and/or employees . . . disregarded provisions of Title 26 United States Code."  (Compl. p. 31.)  Second, plaintiffs seek damages under section 7433.  (Compl. ¶ A.)  Third, they seek "replevin of any and all property taken" from them.<u>2</u>/  (Compl. ¶ B.)

---

<u>1</u>/  Plaintiffs' case is one of approximately 100 known cases filed in this Court with similar complaints.

<u>2</u>/  Plaintiffs' replevin action is in reality an action seeking a refund of federal taxes.  As discussed *infra*, this Court lacks subject matter jurisdiction over plaintiffs' refund claim.

Alternatively, if the Court treats plaintiffs' replevin action as a tort action, the Court still lacks subject matter jurisdiction. *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991).  The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment. *See FDIC v. Meyer*, 510 U.S. 471 (1994).  But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax. *See* 28 U.S.C. § 2680.  A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency. *See McNeil v. United States,* 508 U.S. 106 (1993);

ARGUMENT

I

THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party." Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the *civil process clerk* at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i) (emphasis added); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A

---

*Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68. Plaintiffs do not allege that they filed an administrative claim, thus the Court lacks subject matter jurisdiction over their replevin action.

jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Eli Mast signed the returns of service indicating that he, himself, served the summons and complaint on the Attorney General and the United States Attorney for the District of Columbia by certified mail. Eli Mast is, of course, a party to this action, and thus cannot properly serve the summons. Further, plaintiffs have not alleged that they served a copy of the complaint on the Internal Revenue Service. Accordingly, plaintiffs have failed to properly serve the United States, and their complaint must be dismissed.

II

I

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFFS' REQUEST FOR DECLARATORY RELIEF

*Plaintiffs' Request for a Finding That the Internal Revenue Service Violated Provisions of the Internal Revenue Code and Implementing Regulations Thereunder Is Barred by the Tax Exception to the Declaratory Judgment Act.*

Plaintiffs seek a finding that the Internal Revenue Service violated various provisions of the Internal Revenue Code and implementing regulations thereunder.

(Compl. at 27.)  This Court is barred from granting such relief under 28 U.S.C. § 2201.  Section 2201 provides that:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Id. (emphasis added).  By the plain language of the statute, a court lacks jurisdiction to declare the rights of any parties with respect to federal taxes.  *See Investment Annuity, Inc. v. Blumenthal*, 609 F.2d 1, 4 (D.D.C. 1979)  Plaintiffs here are requesting the Court to determine that the Internal Revenue Service violated various provisions in the Code and implementing regulations thereunder.  Such relief is specifically prohibited by 28 U.S.C. § 2201.  Thus, this Court lacks jurisdiction to grant plaintiffs the declaratory relief they seek.

### III

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING THEIR SUIT

Plaintiffs seek "replevin of any and all property taken from [them]" (Compl. ¶ B.)  The United States construes this as a claim for refund of taxes.  This Court does not have jurisdiction over plaintiffs' claim for a tax refund. Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes for which they seek a refund.  Both are necessary to waive the United States' sovereign immunity.  *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a

suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiffs have the burden to show that sovereign immunity has been waived. *See*, *e.g.*, *Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Plaintiffs do not allege or claim that he filed a claim for refund; accordingly, this Court lacks jurisdiction over their tax refund claims. *Dalm*, 494 U.S. at 601-02.

        B.    *This Court Lacks Subject-matter Jurisdiction over Plaintiffs' Damages Claim*

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages. (Compl. ¶ A, p. 27.) This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service. As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code

(26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this

regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiffs assert, relying on *Randolph-Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90 (D.C. Cir. 1986), that they fall within an "exception" to the requirement to exhaust administrative remedies. (Compl. ¶ 2, p. 2.) They assert that the Internal Revenue Service has "articulated a very clear position . . . [it] is unwilling to reconsider." (*Ibid.*) Plaintiffs fail to assert that they attempted to comply with the regulation by submitting a valid administrative claim, thus the Internal Revenue Service has not articulated a clear position that it will not consider any administrative claim for damages.

Plaintiffs also assert that the exhaustion requirement is nonjurisdictional. (Compl. ¶ 5, p. 4.) The United States is aware that some of these nearly identical complaints have been dismissed for failure to state a claim, rather than for lack of subject-matter jurisdiction. *See, e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006). The United States, however, asserts that the exhaustion requirement is jurisdictional for two reasons: 1) *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006) is inapposite because it did not involve the sovereign, and 2) both the legislative history and the implementing regulations for section 7433 evince an intention that the exhaustion requirement is jurisdictional.

*Arbaugh*, the decision relied upon in *Turner*, was a case in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted their administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to

preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asserts that the failure to state a claim is jurisdictional.

The United States' position is supported by the legislative history of section 7433(d) and its implementing regulations. Both the House Ways and Means Committee Report and the Senate Finance Committee Report for the Taxpayer's Bill of Rights (TBOR) III3/ provide that "no person is entitled to seek civil damages . . . in a court of law unless he first exhausts their administrative remedies," H.R. Rep. 105-356, 105th Cong., 1st Sess. (Oct. 29, 1997); S.R. Rep. 105-174, 105th Cong. 2d Sess. (April 22, 1998). Plainly, Congress intended to make exhaustion a jurisdictional requirement.

The regulations implementing section 7433 provides that no action can be maintained in federal court until after an administrative claim has been denied or 6 months after an administrative claim has been filed. Thus, the implementing regulations makes exhaustion of administrative remedies a prerequisite for filing an action, and thus jurisdictional. It is well settled that a court should ordinarily defer to the regulation if it "implement[s] the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307 (1967); *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979). A regulation carries out the congressional mandate if it "harmonizes with the plain language of the statute, its origin, and its

---

3/ Title III of the Internal Revenue Service Restructuring and Reform Act of 1998 (Pub. L. 105-206, July 22, 1998).

purpose." *National Muffler*, 440 U.S. at 477. And, "the choice among reasonable interpretations is for the commissioner, not the courts." *Id*. This Circuit has recognized that the Commissioner's interpretation of a statute is valid and entitled to deference if it evidences a reasonable interpretation necessary to implement a congressional mandate. *See*, *Boulez v. Comm'r*, 810 F.2d 209 (D.C. Cir. 1987). Since both the legislative history and the implementing regulations for section 7433 evince a determination that failure to exhaust administrative remedies is jurisdictional, this Court should defer to this interpretation, and dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

Nevertheless, even if the Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiffs' complaint for failure to state a claim for which relief can be given, as set forth in *Turner*.

CONCLUSION

Because this Court lacks jurisdiction over their complaint (or in the alternative, plaintiffs have failed to state a claim for which relief can be given), the complaint should be dismissed.

DATED: September 22, 2006.                    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS COMPLAINT was filed in accordance with the Court's ECF system, and served on September 22, 2006, by sending a copy by first-class mail, postage prepaid, addressed as follows:

> Eli Mast
> Rachel Mast
> Plaintiffs *pro se*
> Route 2, Box 2665
> Seymour, MO 65746

>   /s/ Pat S. Genis
> PAT S. GENIS, #446244