IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ELI MAST & RACHEL MAST ) | |
| ) | |
| Plaintiffs, ) | No. 1:06-1313 (RJL) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE**

The United States submits this memorandum to address three points raised by plaintiffs in opposition to the motion to dismiss and to respond to plaintiffs' motion to bifurcate. The United States otherwise relies on its motion to dismiss.

I.

REPLY TO OPPOSITION TO MOTION TO DISMISS

In their opposition, plaintiffs present three main arguments in opposition to the United States' motion to dismiss: (1) parties may effect service under Fed. R. Civ. P. 4(i)(1)(A); (2) the failure to exhaust their administrative remedies is not jurisdictional; and (3) they need not exhaust their administrative remedies as the regulation is invalid.1/

---

1/ In addition to their three main points, plaintiffs also assert that the Declaratory Judgment Act does not apply to federal tax matters. (Pl. Opp. at 6-7.) Plaintiffs further assert that they are not seeking a refund, and that they are entitled to an injunction "predicated upon factual findings in the case." (Pl. Opp. at 7-8 & 8-9.)

(continued...)

1854854.1

First, plaintiffs assert that parties may serve initial process pursuant to Fed. R. Civ. P. 4(i)(1)(A). (Pl. Opp. at 1-6.) Parties may not serve initial process under Fed. R. Civ. P. 4(c)(2). This is true even when service is effected by certified or registered mail as described in Fed. R. Civ. P. 4(i). *See e.g., Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730604, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, * 1(N.D. Cal. 2001). Thus, plaintiffs' complaint should be dismissed for failure to effect proper service.

Second, plaintiffs cite several cases in this district for the proposition that the exhaustion requirement is non-jurisdictional.2/ (Pl. Opp. at 9.) They state that the opinions in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), *Martin v. United States*, 2006WL2714944 (D.D.C. 2006) and *Anderton v. United States*, (No. 6-129, D.D.C. 2006), relying upon *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (2006) and *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) made this clear. Plaintiffs' argument fails to defeat the United States' motion to dismiss for four reasons.

    1.    This court is not bound by these decisions. *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding

---

    1/ (...continued)
These claims are patently frivolous. All of these issues are fully discussed in the United States' motion to dismiss. (*See* US Mot. to Dism., brf. at 4-5 & n.2.)

    2/ As noted in its motion to dismiss, the United States asserts a failure to exhaust administrative remedies results in a lack of subject matter jurisdiction as there has been no waiver of sovereign immunity.

precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

    2.    Numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional. *See McGuirl v. United States*, 360 F.Supp.2d 125, 127-128 (D.D.C. 2004); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006) (Huvelle); *Gaines v. United States*, 424 F.Supp.2d 219 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 424 F.Supp.2d 213 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 424 F.Supp.2d 230 (D.D.C. 2006) (Huvelle); *Holt v. Davidson*, 441 F.Supp.2d 92, 96 (D.D.C. 2006) (Urbina); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991).

    3.    Assuming *arguendo*, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiffs failed to assert that they timely filed a proper administrative claim for damages under 26 U.S.C. § 7433. (*See* U.S. brf. at 8.)

    4.    Even though *Turner* held that section 7433's exhaustion requirement is not jurisdictional, the Court nevertheless dismissed the cases for failure to state a claim.

The four reasons stated above show that plaintiffs' case should be dismissed,

either because the Court lacks jurisdiction or because plaintiffs have failed to state a claim.

Plaintiffs' third assertion, that they need not exhaust their administrative remedies as the regulation is invalid, also fails. (Pl. Opp. at 9-17) The regulation is valid. Plaintiffs allege that 26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422 refund' claim." (Pl. Opp. at 12-17.) Plaintiffs' claim of regulatory invalidity fails for two reasons.

    1.    Plaintiffs have not shown any attempt to comply with 26 U.S.C. § 7433's requirement to exhaust administrative remedies, their claim of regulatory invalidity is not ripe for adjudication.

    2.    The regulation is valid. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial

proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to

1854854.1

filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a

taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the IRS is provided time to gather evidence and consider, and perhaps settle, the claim before litigation.3/ Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress's mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review. The regulation is plainly valid.

For the reasons stated above, plaintiffs' opposition to the motion to dismiss

---

3/ The section also includes an exception. If an administrative claim is filed within the last six months of the two year period of limitations, the taxpayer may file an action in court immediately after filing his administrative claim.

cannot prevail, and the Court should dismiss their complaint.

## II.

### OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE

Plaintiffs ask the Court to bifurcate the case. (Pl. Opp. at 17-24) First, plaintiffs seek to address the exhaustion argument and whether they have met an exception to the exhaustion requirement. Second, plaintiffs would have the Court address liability. (*Id.* n.10.) Plaintiffs appear to assert that the "bias exception to the nonjurisdictional exhaustion requirement" is applicable. (*Id.* at 17-24)

Bifurcating this case will serve no purpose. The sole issue is whether plaintiffs exhausted their administrative remedies. If exhaustion is jurisdictional, then plaintiffs cannot argue a "bias exception; " if exhaustion is nonjurisdictional, plaintiffs still must assert that they filed an administrative claim for damages, because without the claim, the Court may not award plaintiffs damages. 26 U.S.C. § 7433(d)(1).

Moreover, plaintiffs have failed to support their motion for bifurcation by demonstrating that their "interest[] in immediate judicial review outweigh[s] the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further[;]" or that their "administrative remedy is 'inadequate'." *See, e.g.*, *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, * 12 (D.D.C. 2006).

CONCLUSION

For the foregoing reasons and the reasons asserted in the United States' motion to dismiss, the United States requests that the Court deny plaintiffs' motion to bifurcate and dismiss the case.

DATE: December 6, 2006.    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE was served upon plaintiffs *pro se* on the 6th day of December, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Eli Mast
>Rachel Mast
>Plaintiffs *pro se*
>Route 2, Box 2665
>Seymour, MO 65746

>/s/ Pat S. Genis
>PAT S. GENIS, #446244