UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELI MAST & RACHEL MAST | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:06-1313 (RJL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

FILED

FEB 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION
(February 12, 2007) [#5, #8]

Plaintiffs Eli and Rachel Mast, proceeding *pro se*, filed the instant action against the United States alleging misconduct by the Internal Revenue Service ("IRS") in the collection of taxes. Plaintiffs seek declaratory relief that defendant violated Title 26 of the United States Code, a refund of all taxes paid, damages "in an amount equal to the fine imposed," and an injunction against the IRS. (Compl. p. 31-32.) Before the Court is defendant's motion to dismiss for improper service of process and lack of subject matter jurisdiction. Plaintiffs also filed a motion to bifurcate the case. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss and DENIES plaintiffs' motion to bifurcate as moot.

## ANALYSIS

Plaintiffs' complaint is one of many nearly identical, boilerplate complaints filed in our Court by *pro se* plaintiffs under the Taxpayers Bill of Rights ("TBOR"), 26 U.S.C. § 7433, which provides a cause of action, and a waiver of sovereign immunity, for alleged

misconduct by the IRS. Although § 7433 allows for the award of damages, a taxpayer may not bring suit in federal court until all available administrative remedies have been exhausted. 26 U.S.C. § 7433(d)(1).

Under IRS regulations, a taxpayer alleging misconduct must file an administrative claim prior to filing suit. 26 C.F.R. § 301.7433-1. Specifically, the taxpayer must submit his claim, in writing, "to the Area Director...of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1). The claim must include, *inter alia,* the grounds for the claim, a description of the injuries, and the dollar amount of damages sought. 26 C.F.R. § 301.7433-1(e)(2)(ii-iv). A taxpayer may not file suit until the IRS has issued a decision or failed to act on the claim within six months of the date of filing. 26 C.F.R. § 301.7433-1(d).

Plaintiffs implicitly concede that they have not exhausted their administrative remedies, but argue that their claims fall within the exception that no exhaustion is required where seeking relief from the agency would be futile, namely where "an adverse decision [is] certain [because] an agency has articulated a very clear position on the issue." (Compl. p. 4) (quoting *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986)). This contention is unavailing as futility is not an exception to the exhaustion requirement set forth in section 7433, and this Court is "not free to carve out exceptions that are not supported by the text." *Turner v. United States*, 429 F. Supp. 2d 149, 152 (D.D.C. 2006).[1]

---

[1] Plaintiffs also argue that they are not required to exhaust administrative remedies because the regulation that requires exhaustion, 26 C.F.R. § 301.7433-1, is an invalid,

Plaintiffs also seek "replevin of any and all property taken from plaintiff(s)." (Compl. p. 32.) Plaintiffs' replevin claim is essentially a claim for a refund of taxes paid. *See Ross v. United States*, No. 06-0963, 2006 U.S. Dist. LEXIS 82043 (D.D.C. Nov. 10, 2006). A refund action cannot be maintained, however, unless the taxpayer has already paid the taxes assessed and filed a claim for a refund. 26 U.S.C. § 7422(a); *Flora v. United States*, 362 U.S. 145 (1960). As plaintiffs have failed to allege that they paid the taxes assessed by the IRS, their claim for a refund cannot be maintained in this Court.

Plaintiffs also seek a determination that the IRS violated provisions of the Internal Revenue Code and implementing regulations thereunder. The tax exception in the Declaratory Judgment Act ("DJA") specifically bars this court from granting such relief insofar as those declarations are "with respect to Federal taxes."[2] 28 U.S.C. § 2201(a). Because of this express statutory language, this Court has no jurisdiction to grant the declaratory relief requested by plaintiff.

---

unreasonable interpretation of the statute. (Resp. Mot. Dismiss at 12-13.) Because plaintiffs have not even attempted to comply with the regulation, their claim that the regulation is invalid is not ripe. Moreover, *Chevron* requires that the Court defer to the agency's reasonable interpretation of the statute. *Chevron, U.S.A. v. Natural Res. Defense Counsel, Inc.*, 476 U.S. 837 (1984), which this Court will do. Therefore, as plaintiffs have failed to exhaust their administrative remedies, a mandatory prerequisite to suit, the Court hereby dismisses plaintiffs' claim for damages under section 7433.

[2] "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

The Court also denies plaintiffs' request for injunctive relief. The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The purpose of the Anti-Injunction Act is to afford the Internal Revenue Service the right to prompt collection of taxes without judicial intervention "by requiring that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). The United States Supreme Court has held that federal courts may only grant injunctive relief where (a) "it is clear that under no circumstances could the Government ultimately prevail" and (b) "if equity jurisdiction otherwise exists." *Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976) (quoting *Enochs*, 370 U.S. at 7). Unless both prongs of this test are satisfied, a suit for injunctive relief must be dismissed. *See Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758 (1974). The burden is on the taxpayer to demonstrate why a district court should exercise equity jurisdiction. *Cooper v. United States*, 2005 WL 3462281, at *1 (D.D.C. Nov. 3, 2005).

Here, plaintiffs have not satisfied either prong of this test. First, the boilerplate allegations in their complaint lack any specificity or "personalization" that would lend support to the notion that, "under no circumstances could the Government ultimately prevail." *Enochs*, 370 U.S. at 7. Indeed, the general allegations plaintiffs do make are unsubstantiated by actual evidence of governmental wrongdoing as to these plaintiffs in

4

particular. Thus, the Court has no reason to believe that the government would be unable to ultimately prevail on the merits. Second, plaintiffs have failed to set forth any reason why this Court should exercise equity jurisdiction over their remaining claims. Accordingly, being unable to satisfy the two-prong *Enochs* test, plaintiffs' prayer for injunctive relief is dismissed.

Finally, plaintiffs have asked this Court to bifurcate this case to first address the exhaustion requirement, and then the liability issues. (Pl. Opp. at 17-24.) As this Court has dismissed all of plaintiffs' claims for lack of subject matter jurisdiction, this Court finds that bifurcating this case will serve no purpose, and, therefore, denies plaintiffs' motion as moot.

## CONCLUSION

For the reasons noted above, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim and denies as moot plaintiffs' motion to bifurcate. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge